IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Reginald Bernard Mooney, #53850-019, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:08-3652-PMD-JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| United States of America; | ) | |
| Warden of FCI Edgefield, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner, Reginald Bernard Mooney ("Mooney"), is an inmate at FCI-Edgefield serving a sentence of 125 months imposed in the Northern District of Georgia for a violation of 18 U.S.C. § 924(c). He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 5, 2008. He alleges that he is entitled to a writ of habeas corpus pursuant to the holding of the United States Supreme Court in Watson v. United States, 552 U.S. 74 (2007).

Mooney filed motions for immediate release, and summary judgment on November 26, 2008. Respondents filed a response to the petition on February 20, 2009, and a motion for summary judgment on March 20, 2009. On March 2, 2009, Mooney filed a reply to the Respondents' response and a motion for a ruling on his previously filed motion for immediate release. A Roseboro order was issued on March 23, 2009. Mooney filed a motion for default judgment on March 24, 2009, and Roseboro responses on March 30 and April 6, 2009. On July 6, 2009, Mooney filed a motion to amend his petition. Respondents filed a response to the motion to amend on July 8, 2009.

1

**Motion for Default Judgment**

The order authorizing service of process required Respondent to file a response within 50 days of receipt. The undersigned granted Respondents' motion for additional time to respond on February 24, 2009, and Respondents filed their motion for summary judgment on March 20, 2009. However, Respondents filed their response to Mooney's motion for summary judgment on February 20, 2009, which addressed the issues raised in the petition.

The undesigned concludes that Respondents timely filed a response due to the grant of their motion to extend. In any event, courts do not enter default judgments in favor of habeas petitioners without reaching the merits of the claim as a matter of policy due to the risk of releasing prisoners who have been duly convicted and the costs involved with retrial. Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984); Worrell v. U.S. Parole Commission, 2008 WL 4137680 (N.D.W.Va.); and Garland v. Warden, 2008 WL 4834597 (D.S.C.).

**Grounds for Relief**

In his present petition Mooney asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground A:** Whether or not under U.S. v. Sullivan, 455 F.3d 248 (4th Cir. 2006), Petitioner can lawfully be convicted of a 18 U.S.C. § 924(c) violation due to a firearm being found in the glove box of his car.

**Ground B:** Whether or not under U.S. v. Sullivan, 455 F.3d 248 (4th Cir. 2006), Petitioner can lawfully be convicted of a 18 U.S.C. § 924(c) violation where there exits no "violent crime", "drug trafficking offense" or any other "underlying offense" conviction.

**Ground C:** Even if there did exist a underlying offense, how did the Petitioner "during or in relation to" the predicate offense "use or carry" or in any other manner "actively employ" a "firearm" that was laying inert in the glove box of his car as defined in U.S. v. Sullivan, 455 F.3d at 248.

**Ground D:** Whether or not the District Court Appointed Counsel's performance and representation was ineffective and deficient for failing to inform Petitioner as to the elements of the § 924(c) gun charge and of the Government's burden to prove each aspect of those elements, as outlined in Bustos v. White, 521 F.3d 321 (4th Cir. 2008).

**Ground E:** Whether or not Petitioner's herein demonstrated legal, factual and actual innocense of the unlawful § 924(c) conviction should be allowed to overcome his procedural default incurred from unintelligently and involuntarily pleading guilty to said count, as decided in Bousely v. U.S., 523 U.S. 614 (1998).

## Discussion

According to Mooney, he was stopped by Atlanta police for a traffic violation on October 17, 2001. He was found to be in possession of crack cocaine and an officer "looked in the glove box of the car and noticed a firearm, lying inert inside." (Petition, p. 7).

Mooney was indicted on May 29, 2002, for being a felon in possession of a firearm (Count 1); possession of crack cocaine with intent to distribute (Count 2); and knowingly using and carrying a firearm during and in relation to the drug trafficking crime (Count 3). Because he had previous drug convictions, Mooney was facing life imprisonment on the drug charge. A plea bargain was struck to allow him to plead guilty to the § 924(c) charge with the remaining counts being dismissed. He pled guilty and was sentenced to imprisonment for 125 months.

Mooney filed a *pro se* motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255, and a direct appeal. On March 11, 2004 the § 2255 motion was dismissed without prejudice due to the pending appeal. The conviction was affirmed by the Eleventh Circuit Court of Appeals. *See* U.S. v. Mooney, 107 Fed.Appx. 892 (11th Cir. 2004) (Table).

Mooney then filed another § 2255 motion asserting that his trial attorney had been ineffective. The motion was denied by order of the Honorable J. Owen Forrester, Senior United States District

Judge, dated April 12, 2005. Mooney filed a motion to reduce his sentence on April 4, 2008. Judge Forrester denied the motion on June 12, 2009.[1]

Mooney is attempting to use the decision of the United States Supreme Court in Watson v. United States, *supra*, to obtain another review of his conviction even though its holding is inapposite. In Watson the court held that a person who trades his drugs for a firearm does not "use" the gun "during and in relation to...[a] drug trafficking crime." *Id.* In addressing the issue the court necessarily discussed its earlier holdings in Smith v. United States, 508 U.S. 223 (1993) (a person who trades his gun for drugs - the converse of Watson - uses the firearm during and in relation to the drug trafficking crime) and Bailey v. United States, 516 U.S. 137 (1995) (requiring active employment of the firearm during and in relation to the drug crime rather than mere possession). Mooney also cites United States v. Sullivan, 455 F.3d 248 (4th Cir. 2006) to support his argument that his § 924(c) conviction should be invalidated based on his argument that he merely possessed the firearm and did not actively employ it as he possessed the drugs.

Respondents concede that § 2255 would be ineffective and inadequate to test the legality of his conviction (*see* In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)), if the Watson holding applied to Mooney's case. However, Respondents assert that Watson is inapplicable and that Mooney's remaining arguments are barred because they must be brought pursuant to § 2255.

The Watson decision clearly gives Mooney no basis for relief. Mooney does not assert, and the record refutes, that he traded his drugs for a firearm. He attempts to use Watson to make arguments relating to "mere possession" of the firearm, i.e., a Bailey argument. However, Bailey was

---

[1] The motion to amend the petition provides a copy of Judge Forrester's order and makes further argument based thereon. The motion to amend is granted by separate order.

4

decided approximately eight years before Mooney's conviction.[2]

The Fourth Circuit case cited by Mooney, United States v. Sullivan, 455 F.3d at 260 provides a concise post-Bailey summary of the law:

> 18 U.S.C. § 924(c)(1)(A) provides that an individual who "during and in relation to any ... [federal] drug trafficking crime ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" is subject to criminal punishment. In order to establish a violation of § 924(c), the evidence must tend to show that the firearm "furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir.2002). A trier of fact might include, for example, in its consideration whether the firearm furthered the drug crime by considering " 'the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon ... whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.' " Lomax, 293 F.3d at 705 (quoting United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir.2000)). Moreover, jurors are allowed to make common sense conclusions when drugs and firearms are found together due to the "unfortunate reality that drugs and guns all too often go hand in hand." Lomax, 293 F.3d at 706. A mere accidental or coincidental presence of a gun is not enough to satisfy this requirement; but, if its purpose is to protect or embolden the defendant, the statute is satisfied. United States v. Lipford, 203 F.3d 259, 266 (4th Cir.2000) (citing United States v. Mitchell, 104 F.3d 649, 654 (4th Cir.1997)).

By entering his negotiated plea, Mooney conceded more than mere possession of the firearm, under these principles. Further, even if it is concluded that Mooney did not use the firearm, it is clear that he "carried" it in violation of the statute. In Muscarello v. United States, 524 U.S. 125 (1998), the Supreme Court held that a defendant may be convicted of carrying a firearm during and in relation to a drug trafficking offense even when it is locked in a glove compartment of a vehicle. In United States v. Mingo, 237 Fed.Appx. 860, 865, 2007 WL 2301634 (4th Cir.), the court applied Muscarello finding that "'to carry' means that the firearm was on the defendant's person or

---

[2] In response to Bailey, Congress amended § 924(c) to include possession of a firearm during and in relation to a drug trafficking offense. Mooney correctly argues that he was indicted under the use and carry provision of the statute.

5

knowingly possessed and conveyed in a vehicle." Thus, the undersigned concludes that Mooney has not shown that he is entitled to relief under Bailey and Muscarello.

### Conclusion

The Watson holding has no relation to the Petitioner's conviction and cannot be used as a backdoor method to gain review of his conviction under Bailey.[3]  Further, even if reviewed, Petitioner has not shown he is entitled to relief.  Therefore, based on a review of the record, it is recommended that Petitioner's motions for immediate release (Doc. Nos. 4 and 22), default judgment (Doc. No. 27), and summary judgment (Doc.No. 5), be **denied.**  It is further recommended that Respondents' motion for summary judgment (Doc. No.  24), be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

August 12, 2009

**The parties are referred to the Notice Page attached hereto.**

---

[3] *See* Gaddy v. United States, 2008 WL 4330401 (D.S.C.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).