# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald Bernard Mooney, )<br>)<br>Petitioner, )<br>v. )<br>)<br>United States of America )<br>Warden, FCI Edgefield, )<br>)<br>Respondents. )<br>_____) | Civil Action No.: 3:08-3652-PMD-JRM<br><br>**Order** |

This matter is before the court upon Petitioner Bernard Mooney's ("Petitioner") Objections to a Magistrate Judge's Report and Recommendation ("R&R") that the court grant Respondents' Motion for Summary Judgment and deny his petition for writ of habeas corpus. Having reviewed the entire record, including Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

According to Petitioner, Atlanta police stopped him for a traffic violation on October 17, 2001, and found him in possession of crack cocaine. During the stop, an officer "looked in the glove box of the car and noticed a firearm, lying inert inside." (Petition at 7.) Petitioner was indicted for being a felon in possession (Count 1); possession of crack cocaine with intent to distribute (Count 2); and knowingly using and carrying a firearm during and in relation to the drug trafficking crime (Count 3). A plea bargain was reached to allow him to plead guilty to Count 3, the § 924(c) charge, while the remaining counts were dismissed. Petitioner pled guilty and was sentenced to imprisonment for 125 months. His sentence was affirmed on appeal. *United States v. Moo*ney, 107 F. App'x 892 (11th Cir. 2004). On October 15, 2004, Petitioner

filed a motion for relief under 28 U.S.C. § 2255, asserting that his trial attorney had been ineffective, and the United States District Court for the Northern District of Georgia denied the motion on April 12, 2005.

Petitioner has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is entitled to a writ of habeas corpus pursuant to the United States Supreme Court's holding in *Watson v. United States*, 552 U.S. 74 (2007). Petitioner has filed motions for immediate release, for default judgment, and for summary judgment, and Respondents have filed their own motion for summary judgment.

In his petitioner, Petitioner asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground A:** Whether or not under **U.S. v. Sullivan**, 455 F.3d 248 (4th Cir. 2006), Petitioner can lawfully be convicted of an 18 U.S.C. § 924(c) violation due to a firearm being found in the glove box of his car.

**Ground B:** Whether or not under **U.S. v. Sullivan**, 455 F.3d 248 (4th Cir. 2006), Petitioner can lawfully be convicted of an 18 U.S.C. § 924(c) violation where there exists no "violent crime," "drug trafficking offense" or any other "underlying offense" conviction.

**Ground C:** Even if there did exist an underlying offense, how did the Petitioner "during or in relation to" the predicate offense "use or carry" or in any other manner "actively employ" a "firearm" that was laying inert in the glove box of his car as defined in **U.S. v. Sullivan**, 455 F.3d 248.

**Ground D:** Whether or not the District Court Appointed Counsel's performance and representation was ineffective and deficient for failing to inform Petitioner as to the elements of the § 924(c) gun charge and of the Government's burden to prove each aspect of those elements, as outlined in **Bustos v. White**, 521 F.3d 321 (4th Cir. 2008).

**Ground E:** Whether or not Petitioner's herein demonstrated legal, factual and actual innocence of the unlawful § 924(c) conviction should be allowed to overcome his procedural default incurred from unintelligently and involuntarily pleading guilty to said count, as decided in **Bousley v. U.S.**, 523 U.S. 614 (1998).

**STANDARD OF REVIEW**

I. **Standard for Reviewing Magistrate Judge's R&R**

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). If a party makes a written objection to a Magistrate Judge's report within ten days of being served with a copy of that report, the court will review the specific objections *de novo*. 28 U.S.C. § 636(b)(1). The court is allowed to accept, reject, or modify the R&R in whole or in part. *Id*. Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id*. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case*. See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II. **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council*

*No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## ANALYSIS

### A. Motion for Default Judgment

The Magistrate Judge concluded that Respondents timely filed a response to Petitioner's Petition; therefore, it recommended the court deny Petitioner's Motion for Default Judgment. Petitioner did not object to this recommendation; therefore, the court is not required to give any explanation for adopting these recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### B. Section 2241 Petition and Motions for Immediate Release

The Magistrate Judge found that the United States Supreme Court's decision in *Watson v. United States*, 552 U.S. 74 (2007) does not permit Petitioner to obtain another review of his conviction and that, even if reviewed, Petitioner has not shown he is entitled to relief. (R&R at 6.) Since the court concludes that Petitioner has failed to show that he is entitled to relief, the

court does not address any argument that Petitioner's § 2241 Petition should be construed as a successive § 2255 petition.

Petitioner relies on *United States v. Sullivan*, 455 F.3d 248 (4th Cir. 2006) to argue that "[t]he mere presence of a firearm is not enough for a 924(c) conviction, what is required instead is evidence more specific to the particular defendant showing that his possession actually furthered the drug trafficking offense." (Objections at 2.) Petitioner also contends that "[t]o convict a defendant under section 924(c)(1) the government must demonstrate that the defendant used or carried a firearm, during and in relation to a drug trafficking crime. (*Id.* at 3.) In *United States v. Sullivan*, the Fourth Circuit stated:

> 18 U.S.C. § 924(c)(1)(A) provides that an individual who during and in relation to any . . . [federal] drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm is subject to criminal punishment. In order to establish a violation of § 924(c), the evidence must tend to show that the firearm 'furthered, advanced, or helped forward a drug trafficking crime. A trier of fact might include, for example, in its consideration whether the firearm furthered the drug crime by considering the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon . . . whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found. Moreover, jurors are allowed to make common sense conclusions when drugs and firearms are found together due to the unfortunate reality that drugs and guns all too often go hand in hand. A mere accidental or coincidental presence of a gun is not enough to satisfy this requirement; but, if its purpose is to protect or embolden the defendant, the statute is satisfied.

455 F.3d at 260 (J. Widener) (internal quotations omitted). The Magistrate Judge concluded that by entering a guilty plea, Petitioner conceded more than mere accidental or coincidental possession of the firearm under these principles. The court agrees. The Magistrate Judge also concluded that even if Petitioner did not use the firearm, "it is clear he 'carried' it in violation of the statute" when it was found in the glove box of his vehicle during his arrest. (R&R at 5.) In *Muscarello v. United States*, the United States Supreme Court concluded that a defendant

5

"carries" a firearm by either having it on his or her person, or knowingly possessing and conveying the firearm "in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies." 524 U.S. 125, 126–27 (1998). While Petitioner contends that the facts of his case are different from the facts presented in *Muscarello*, the Court in *Muscarello* specifically ruled on the factual scenario identical to Petitioner's, in which a person carried a firearm in the glove box of his or her vehicle. Moreover, in *United States v. Mingo*, the Fourth Circuit stated, "The evidence was sufficient to find that Mingo "carried" the gun during his drug trafficking crime where, under § 924(c), 'to carry' means that the firearm was on the defendant's person or knowingly possessed and *conveyed in a vehicle*." 237 F. App'x 860, 865 (4th Cir. 2007) (emphasis added). Therefore, the court finds that Plaintiff has failed to show that his guilty plea to the § 924(c) charge should be invalidated and grants Respondents' Motion for Summary Judgment.

## **CONCLUSION**

Based on the foregoing, it is **ORDERED** that Respondents' Motion for Summary Judgment is **GRANTED** and that Petitioner's Motions for Default Judgment, for Immediate Release, and for Summary Judgment are **DENIED**.

PATRICK MICHAEL DUFFY
United States District Judge

**September 8, 2009**
**Charleston, SC**